**OTOKOYAMA CO. LTD., a Japanese Corporation, Plaintiff–Appellant–Cross–Appellee,**

v.

**WINE OF JAPAN IMPORT, INC., a New York Corporation, Defendant–Appellee–Cross–Appellant,**

---

Does 1 through 50, inclusive,
Defendant.

Nos. 00–9059, 00–9089.

United States Court of Appeals,
Second Circuit.

April 5, 2001.

Richard H. Zaitlen, Pillsbury Madison & Sutro LLP, Los Angeles, CA; Yuji Iwanaga, Susan T. Brown, and Joel B. German,

Pillsbury Madison & Sutro LLP; Arlana S. Cohen, St. Onge Steward Johnston & Reens LLC, of counsel, Stamford, CT, for plaintiff-appellant.

Michael A. Cornman; Fritz L. Schweitzer, Jr., Jay A. Bondell, Meyer A. Gross, of counsel, Schweitzer Cornman Gross & Bondell LLP, New York, NY, for defendant-appellee.

Present OAKES and STRAUB, Circuit Judges, and RAKOFF,* District Judge.

*SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff–Appellant Otokoyama Co. Ltd. ("Otokoyama Co.") appeals from an order of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*) dated July 26, 2000 finding that the term "otokoyama" is not entitled to trademark protection pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.* Applying the doctrine of foreign equivalents, the District Court canceled plaintiff's trademarks on the grounds that "otokoyama" is a generic term which, in Japanese, signifies a type of sake. The District Court did not, however, award attorneys' fees to Defendant Wine of Japan Import, Inc. ("W.J.I.").

On appeal, Otokoyama Co. contends that the District Court's conclusion erroneously relied on Japanese law and further failed to consider consumer perception in Japan. Defendant W.J.I. has cross appealed the District Court's refusal to award attorneys' fees. W.J.I. argues that Otokoyama Co.'s

fraudulent behavior makes this an exceptional case, justifying an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

This is not the first time that this dispute has reached the Second Circuit, and this Summary Order assumes familiarity with our earlier opinion. *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.,* 985 F.Supp. 372 (S.D.N.Y.1997), *vacated by* 175 F.3d 266 (2d Cir.1999). Otokoyama Co.'s original suit sought to enjoin W.J.I. from importing and distributing its new sake called "Mutsu Otokoyama." After an evidentiary hearing, the District Court granted a preliminary injunction on the grounds that the name "Mutsu Otokoyama" likely infringed plaintiff's registered trademarks "otokoyama." 985 F.Supp. 372 (S.D.N.Y.1997). The District Court did not, however, consider evidence regarding the meaning and use of the term in Japan, including the proceedings before Japanese government bodies responsible for trademarks. We vacated the preliminary injunction and remanded the case for trial. 175 F.3d at 273. On April 11 and 12, 2000, the District Court held a bench trial and, based on those proceedings, found that the term "otokoyama" is generic and thus not entitled to trademark protection. Otokoyama Co. now appeals from that final judgment.

■ The Lanham Act does not give trademark protection to generic marks, i.e., terms which designate the type or genus of goods or services. *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.,* 175 F.3d 266, 270 (2d Cir.1999). It is of no import that the term is in a foreign language: foreign equivalents of generic terms merit no protection. 175 F.3d at 270–271.

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

■ After a two day bench trial, the District Court concluded that "otokoyama" is a generic term designating a type of sake. The District Court found support for this conclusion in a number of sources. Testimonial and documentary evidence, as well as actual sake products, supported W.J.I.'s claim that the term "otokoyama" has been used by as many as sixteen different sake breweries in Japan. Trade journals recorded that some of these "otokoyama" sake brews have won awards in Japan. Publications on sake discuss the fact that a number of sakes—the most famous being Otokoyama Co.'s—utilize the name "otokoyama." These publications variously describe "otokoyama" as "one of the typical names for high-quality sake" and a name adopted to reflect the historical tradition of Edo-period sake.[1] Finally, the District Court relied upon the decisions to reject the trademark applications for the term in Japan. Those applications were rejected on the grounds that the term "otokoyama" was utilized by other breweries in Japan, and the District Court took the decisions as probative of the term's meaning in Japan.

Otokoyama Co. challenges the District Court's findings on four related grounds. First, Otokoyama Co. contends that the District Court failed to determine Japanese consumer perception because it did not consider consumer-based evidence such as surveys. Otokoyama Co. further contends that the District Court ignored the lack of other evidence probative of consumer perception, such as dictionary definitions or literature evincing generic usage of the term. Third, the District Court allegedly erred when it relied on the refusal of the Japanese government to grant trademark protection to the phrase "otokoyama." Finally, the District Court relied on evidence of third party use of the term "otokoyama" without determining whether such use was more than *de minimis.*

■ These contentions are related because they are challenges to the District Court's findings of fact cloaked as legal challenges. Regarding the question of the District Court's application of the correct legal standard, Otokoyama Co.'s claims have no merit. Under the doctrine of foreign equivalents, numerous types of evidence may be probative of the term's proper classification. Our previous decision in this matter did not require that the inquiry into genericness privilege certain categories of evidence, such as consumer-based surveys, dictionary definitions, or literature usage. By contrast, our earlier decision explicitly permitted the admission of foreign court opinions, patent office decisions and third party usage when determining a term's meaning in a foreign language. 175 F.3d at 273. Further, our prior decision did not limit, as a matter of law, any finding of genericness to situations of widespread third party use.

■ Otokoyama Co.'s arguments really challenge the District Court's evaluation of the evidence before it. Stripped of its legal veneer, the challenge does not succeed. The classification of a term as generic "is a fact-bound determination, and so long as the district court utilized the correct legal standard, it will be upheld unless clearly erroneous." *Genesee Brewing Co., Inc. v. Stroh Brewing Co.,* 124 F.3d 137, 144 (2d Cir.1997) (citations omitted). At the trial in this matter, there was substantial evidence presented that supported W.J.I.'s claim that "otokoyama" designates a type of sake and is thus a generic term. Otokoyama Co. had the op-

1. The use of the "otokoyama" designation dates back 350 years to the Edo-period of Japanese History.

portunity to present its contrary evidentiary arguments at trial. The District Court's decision to give more weight to the substantial evidence supporting W.J.I.'s position was not clearly erroneous.

Finally, W.J.I. has cross-appealed the District Court's denial of attorneys' fees pursuant to 15 U.S.C. § 1117(a) of the Lanham Act. The evidence of fraud before the District Court did not require a determination that Otokoyama Co. had defrauded the United States Patent and Trademark Office. The District Court did not err when it found that this case did not warrant an award of attorneys' fees to W.J.I. because it was not "exceptional."

We have considered all of Otokoyama Co.'s claims on appeal and all of W.J.I.'s claims on cross-appeal, and find them to be without merit. For the reasons set forth above, the judgment of the District Court is AFFIRMED.